**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Yazzie, as Court Appointed Guardian of Cindy Begay,<br><br>    Plaintiff,<br><br>and<br><br>Marilyn Begay and Edison Begay, Sr., Individually and as Court Appointed Guardians of Micah Uriah Begay,<br><br>    Intervenors<br><br>vs.<br><br>The United States of America; William Killam, M.D.; and JC Nationwide,<br><br>    Defendants. | No. CV 04-1350-PCT-SMM<br><br>**ORDER** |

Pending before the Court is Defendants William Killam, M.D.'s ("Dr. Killam") and JC Nationwide's ("JC") Motion for Partial Summary Judgment against Intervenors Marilyn and Edison Begay (collectively, the "Begays") to dismiss only those claims asserted by the Begays in their individual capacity. (Dkts. 62-63, 107.) After considering the arguments raised by the parties, the Court now issues the following ruling.

## **BACKGROUND**[1]

At all relevant times, the Chinle Comprehensive Health Care Facility ("CCHCF") was owned and operated by Defendant United States ("Defendant") through the Department of Health & Human Services. The CCHCF is located within the Navajo Nation and the State of Arizona. On March 15, 2001, Cindy Begay ("Cindy") was admitted to the CCHCF for care related to the labor and delivery of her child. On March 17, 2001, Micah Uriah Begay ("Begay") was delivered at approximately 8:01 p.m.

At approximately 9:28 p.m., Cindy's blood pressure dropped to 62/32. Cindy became unresponsive, and her heart stopped beating at 9:36 p.m. The medical staff began efforts to resuscitate her, and Cindy's pulse returned at 9:45 p.m. She was subsequently transferred to the Special Care Unit of the hospital, where she remained in a coma for some time. When Cindy awoke from her coma, she exhibited compulsive violent behaviors that required institutionalization. Cindy was discharged from CCHSF on April 3, 2001, and since then has lived in a number of different institutions, as well as at home with her mother, Brady Tah.

At the request of Cindy's mother and uncle, Bobby Yazzie ("Yazzie"), the Begays took custody of Micah when she was released from the hospital six days after her birth. When it became clear that Cindy would continue to be unable to care for and raise Micah, the Begays, who are not related to Micah by blood, filed a petition for permanent guardianship with the Family Court of the Navajo Nation. The petition was granted on October 14, 2002.

The Navajo Nation District Court for the District of Chinle, Arizona appointed Cindy's uncle, Yazzie, as Cindy's permanent legal guardian on May 30, 2003. A civil complaint for medical negligence was filed on Cindy's behalf on June 30, 2004. Micah was not listed as a plaintiff in the civil action.

---

[1]The following facts are undisputed.

- 2 -

1   On February 18, 2005, the Begays filed a Motion to Intervene as of Right in this
2   action on Micah's behalf. (Dkt. 14.) On June 21, 2005, this Court granted the Begays'
3   Motion to Intervene, and ordered their Complaint in Intervention filed. (Dkts. 29-30.)

4   In addition to presenting Micah's claim for loss of consortium with her mother Cindy
5   (dkt. 30 at ¶¶20, 25,26), the Begays asserted an individual claim to recover compensation for
6   the past and future expense of caring for Micah (id. at ¶20, 27-28).

7   On December 14, 2005, Defendants Dr. Killam and JC filed a Motion for Partial
8   Summary Judgment to dismiss only the individual claims asserted by the Begays. (Dkt. 62.)
9   Defendants argued that Arizona law does not recognize the decision to adopt as constituting
10  an injury, and therefore does not permit adoptive parents to sue to recover the cost of taking
11  care of an adopted child.[2]

12  On May 29, 2006, the Begays filed a response to Defendants' motion for partial
13  summary judgment in which they concede that Defendants' motion should be granted. (Dkt.
14  116.) Specifically, the Begays state that they do not oppose Defendants' motion for partial
15  summary judgment regarding their individual claims because they have found no clear
16  authority permitting them to be compensated for the past and future expenses of caring for
17  Micah. (Id. at 2.)

18  Accordingly,

19  **IT IS HEREBY ORDERED GRANTING** Defendants Dr. Killam's and JC's Motion
20  for Partial Summary Judgment Regarding the individual claim of Marilyn and Edison Begay.
21  (Dkts. 62, 107.)

22  **IT IS FURTHER ORDERED** that only the individual claims of the Begays are to
23  be dismissed with prejudice. See Dkt. 30 at 4, ¶ 20 ("for damages for costs of care of Micah

---

[2] For purposes of their partial motion for summary judgment only, Defendants assumed, *arguendo*, that the Begays had adopted Micah, even though they are Micah's permanent guardians. (Dkt. 62 at 2.)

1  Uriah Begay"); at 6, ¶¶27-28; and at 6, lines 24 ("for the costs of care of Micah Uriah
2  Begay").

3  **IT IS FURTHER ORDERED** that the Begays may remain in this action to the extent
4  that they present claims on behalf of Micah Uriah Begay as her guardians. See Dkt. 30 at 4,
5  ¶20 ("for damages for loss of consortium on behalf of Micah Uriah Begay"); at 5, ¶25; at 6,
6  ¶26; and at 6, lines 24-26 ("and for the Minor Child's loss of consortium with her mother,
7  Cindy Begay, plus costs, and such other relief as the Court deems appropriate").

8  DATED this 5th day of June, 2006.

*[signature]*
Stephen M. McNamee
United States District Judge